**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1077

BARBARA A. JYACHOSKY,

            Plaintiff - Appellant,

      v.

DONALD C. WINTER, Secretary, Department of the Navy,

            Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Claude M. Hilton, Senior
District Judge.   (1:06-cv-00849-CMH-TRJ)

Argued:  May 14, 2009           Decided:  September 14, 2009

Before Sandra Day O'CONNOR, Associate Justice (Retired), Supreme
Court of the United States, sitting by designation, WILKINSON,
Circuit Judge, and Joseph F. ANDERSON, Jr., United States
District Judge for the District of South Carolina, sitting by
designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jeffrey Lynn Rhodes, ALBO & OBLON, LLP, Arlington,
Virginia, for Appellant.  Leslie Bonner McClendon, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON
BRIEF:** Declan C. Leonard, ALBO & OBLON, LLP, Arlington,
Virginia, for Appellant.  Chuck Rosenberg, United States
Attorney, Lauren A. Wetzler, Steven E. Gordon, Assistant United
States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara A. Jyachosky appeals the district court's decision to grant summary judgment to her former employer, the Department of the Navy. Jyachosky alleged the Navy intentionally discriminated and retaliated against her on the bases of her sex and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. This case centers on the reassignment of Jyachosky to a non-supervisory position in 1997 and elimination of her position in 2003. We agree with the district court that Jyachosky is unable to establish a prima facie case of discrimination based on the 1997 reassignment and that the Navy's 2003 elimination of her position does not satisfy the threshold Title VII requirement of an adverse employment action. Therefore, we affirm the dismissal of the action.

## I.

Jyachosky, a female born in 1943, worked for the Navy from June 1969 until August 2004, when she retired as a GS-15. Jyachosky worked primarily as a public affairs officer for the Naval Ship Engineering Center ("NAVSEC"), a field activity of the Naval Ship Systems Command ("NAVSHIPS"). After NAVSEC's merger with NAVSHIPS in 1976 to form the Naval Sea Systems

3

Command ("NAVSEA"), Jyachosky continued to work for NAVSEA, where she ultimately held the supervisory position of Head of the Public Affairs Branch from June 1988 until April 1997. As the Director of Congressional and Public Affairs, Navy Captain David Thomas served as Jyachosky's supervisor from 1991 until he retired in July 1994. In September 1994, Navy Captain Gordon Peterson succeeded Captain Thomas as Jyachosky's supervisor.

In April 1997, the Navy permanently reassigned Jyachosky from her position as the Head of the Public Affairs Branch to a non-supervisory position in the Program Executive Office, Surface/Combatants/AEGIS Program ("PEO SC/AP"). The Navy reassigned Jyachosky after having received numerous complaints regarding deficiencies in performance of her supervisory role. To the Navy, these complaints, and the accompanying high turnover rate among Jyachosky's subordinates, were evidence of a serious underlying morale problem. In his letter informing Jyachosky of her reassignment, Captain Peterson stated "I am no longer confident that you have the ability to inspire positive relationships, morale and teamwork among all members of your staff that are so essential to our overall mission."

Nevertheless, Jyachosky was not the only individual in NAVSEA with a high turnover rate. Jyachosky's turnover rate, thirteen turnovers in nine years, was proportionally lower than that of her younger male counterpart, William Scott, who had

4

nine turnovers in six years. In addition, Jyachosky claims her supervisor, Captain Peterson, had approximately twenty-two personnel turnovers in four years, a number the Navy claims she derived by adding her own turnover rate to that of Scott.

Jyachosky had previously received high marks on her performance evaluations while in the Head position. (See, e.g., J.A. at 136 – 139.) These marks, however, are in reference to Jyachosky's efforts to improve in light of the complaints received. For example, in a letter dated November 30, 1994, the Vice Commander from NAVSEA told Jyachosky that "it is obvious that a long-standing, serious morale problem exists in your division." (J.A. at 128.) He continued:

> I am concerned that you may rely too much on oversight of behaviors you consider unacceptable rather than the hands-on development and support of the people who are working for you . . . [Y]ou attribute the negative statements of individuals interviewed to unpopular decisions you have had to make vis-à-vis problem employees. I am not persuaded that this is purely the case given the preponderance of corroborative information derived separately from several of your own subordinates/peers during the course of fact-finding for [my above statement of concern].

The Vice Commander concluded, "I, therefore, obviously expect improvement in your performance as a leader and a supervisor." (J.A. at 129.)

Upon Jyachosky's reassignment, Angela Smookler, a female, replaced Jyachosky as the Head of NAVSEA's Public Affairs Branch.

5

On August 25, 1997, Jyachosky filed an administrative discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against Captain Peterson concerning her reassignment. An Administrative Judge held that the Navy had "met its burden of articulating a legitimate, nondiscriminatory reason for her reassignment," and that Jyachosky had failed to proffer any evidence of pretext. Jyachosky appealed this decision to the EEOC's Office of Federal Operations, which affirmed the Administrative Judge's decision.

In December of 2002, the Navy directed PEO Ships, the Program Executive Office to which Jyachosky was then assigned, to reduce its civilian employment for the fiscal year 2004 by twenty-one percent. Ultimately, PEO Ships would eliminate sixty-two positions. At the outset, the Executive Director of PEO Ships, Alan Weyman, and Deputy Program Executive Officer, Charles Hamilton, decided to focus the reductions on "front-office" staff, and to rely in their place on support from staff in Central Command headquarters. In March 2003, Hamilton implemented this approach and reduced the PEO Ships "front office" staff from twenty-five to eight civilian employees.

Jyachosky's position was among the seventeen "front office" staff positions eliminated. Eleven of the seventeen positions eliminated were held by men. The only individual in the "front office" who was under the age of forty also had his position

6

eliminated. After Jyachosky's position was eliminated, her responsibilities were taken over by Bonita Solarczyk, a 49-year-old female GS-15 who was the PEO Ships Business Financial Manager.

After informing Jyachosky that her position was being eliminated, the Navy did not fire her, but placed her in the NAVSEA Placement Program ("NPP"), with the goal of finding her another position in NAVSEA. While assigned to the NPP, Jyachosky continued to perform the same duties for PEO Ships, maintained the same grade level and pay, and stayed in the same physical location as when she was assigned to PEO Ships. In July 2004, the Navy reassigned Jyachosky to the position of Congressional and Public Affairs Officer for PEO Littoral and Mine Warfare ("PEO LMW"). The job responsibilities of this position were essentially identical to those of Jyachosky's job in PEO Ships; Jyachosky would be responsible for public and Congressional affairs for all of PEO LMW. In addition, Jyachosky was to maintain the same grade and pay in PEO LMW. Jyachosky was unaware of missing out on any promotional opportunities, performance awards, or pay increases as a result of being reassigned out of PEO Ships.

Although she formally accepted the position at PEO LMW, Jyachosky retired before it became effective. Jyachosky represented to the Navy that her physical and emotional health

7

would not sustain another transfer and submitted supporting physician's letters. Her retirement became effective August 3, 2004.

On June 10, 2003, Jyachosky initiated an administrative complaint with the EEOC against Hamilton, Wyman, and Rear Admiral W.W. Cobb, the Program Executive Officer for PEO Ships, concerning the 2003 elimination of her position and her 1997 reassignments to the NPP and PEO LMW. An Administrative Judge granted the Navy summary judgment in concluding that the Navy had articulated a legitimate, non-discriminatory reason for eliminating Jyachosky's position and that it was not pretextual.

Jyachosky appealed both the Administrative Judge's decisions to the district court, which granted summary judgment to the Navy on both claims.


II.

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also makes it unlawful for an employer "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

The district court found that Jyachosky had failed to establish a prima facie case of a Title VII violation with respect to the 1997 reassignment. To establish a prima facie case, Jyachosky must show that she was a member of a protected class who suffered an adverse employment decision even though she was meeting her employer's legitimate expectations and that she was replaced by someone who was not a member of the protected class. The district court held that Jyachosky had satisfied the first two elements of her Title VII claim because she is an above-forty-year-old female who was reassigned from a supervisory position to a non-supervisory position. However, the district court determined that Jyachosky failed to produce evidence that she met the Navy's legitimate expectations.

We review the district court's grant of summary judgment de novo. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 283 (4th Cir. 2004). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.

9

R. Civ. P. 56 (c)).  Rule 56 mandates the entry of summary judgment if the nonmoving party, after a reasonable time of discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial [and] [t]he moving party is entitled to judgment as a matter of law…."  Id. at 323 (internal quotation marks omitted).

III.

A.

Because Jyachosky offers no direct evidence of discrimination by the legal decisionmaker, her claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 – 805 (1973).  First, Jyachosky must prove a prima facie case of discrimination, and then the burden shifts to the Navy to articulate a "legitimate, nondiscriminatory reason for the employee's rejection."  Id. at 802.  Once the Navy provides a legal reason, Jyachosky again carries the burden to show, by a preponderance of the evidence, that the offered reason was merely a pretext for discrimination. Id. at 804.

To make out a prima facie case of age and gender discrimination, Jyachosky must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action, and (4) the position remained open or was filled by similarly-qualified applicants either outside the protected class (for gender discrimination) or substantially younger with comparable qualifications (for age discrimination). Holland v. Washington Homes, Inc., 487 F.3d 208, 214 (4th Cir. 2007); Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513 (4th Cir. 2006).

Assuming that Jyachosky can establish the first two elements as an above-forty-year-old female who was reassigned to a non-supervisory position,[*] the third element still proves problematic. Although Jyachosky can point to positive performance reviews, there is ample evidence in the record that she was having substantial problems with her supervisory role.

---

[*] "The mere fact that a new job assignment is less appealing to the employee, however, does not constitute adverse employment action." James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 376 (4th Cir. 2004). A "reassignment can only form the basis of a valid Title VII claim if the plaintiff can show that the reassignment had some significant detrimental effect." Id., quoting Boone v. Goldin, 178 F.3d 253, 256 (4th Cir. 1999). See discussion infra at III. B.

11

These documents are dated contemporaneously with her performance reviews, indicating that these problems were not manufactured after her dismissal to serve as a pretext. (J.A. 100-29.) Even viewing the evidence in the light most favorable to Jyachosky, the record is clear that awards given to Jyachosky were intended to encourage further improvement, rather than to signal that she was currently meeting expectations.

To avoid a finding that Jyachosky was not meeting the Navy's legitimate expectations (and thus failing to make her prima facie case of discrimination), she challenges, on appeal, the credibility of statements made by her subordinates who criticized her leadership style. This argument appears to be raised for the first time before this court, and because Jyachosky has not argued that exceptional circumstances justify consideration of these arguments, her credibility challenges have been waived. The record reflects that Jyachosky was not meeting the legitimate expectations of her employer, and she thus cannot establish the third prong of a prima facie case of age or gender discrimination.

Even if Jyachosky had met the Navy's legitimate expectations regarding her performance, Jyachosky is unable to establish the final element of a prima facie case of gender discrimination because she was replaced by a member of her protected class, Angela Smookler.

12

Because Jyachosky failed to establish a prima facie case of either gender or age discrimination, we affirm the judgment of the district court.

B.

With respect to Jyachosky's age and gender discrimination claims relating to her 2003 reassignment, she first argues that the district court should have admitted direct evidence of discrimination by considering her affidavit that Rear Admiral Cobb stated in an All Hands meeting that "older workers were a terrible problem in NAVSEA." (J.A. at 951). The district court excluded this evidence because Jyachosky never alleged she was present at the meeting, only that she could confirm the statement with a tape recording. As such, the district court reasoned the evidence had to be excluded under the best evidence rule because Jyachosky did not produce the tape recording. Jyachosky now argues that the district court should have inferred that she had been present at the meeting because it was called an "All Hands" meeting. The court need not decide this question because if it was error to exclude the tape recording, it was harmless.

In order to maintain a valid claim of age or gender discrimination, an individual must have suffered an adverse employment decision. Id. In James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371 (4th Cir. 2004), the Fourth Circuit stated

13

that "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." Id. at 375, quoting Boone v. Goldin, 178 F.3d 253, 256 – 257 (4th Cir. 1999).

It is undisputed that Jyachosky's salary remained the same and her job title remained similar. She admits that she would have had similar duties as to her previous position, except she claims that she would have been working with a smaller subset of systems involving a narrower application. Jyachosky makes no claim that she lost opportunities for promotion. Although she claims that the reassignment would have detrimentally affected her health, as supported by her physician's letters, she has provided no explanation as to how the reassignment would have impacted her other than the ordinary stresses associated with a new job. Such stresses are not the "significant detrimental effect" that precedent contemplates. Id., 368 F.3d at 376.

In short, Jyachosky did not demonstrate that the 2003 reassignment was an adverse employment action under Title VII. The Navy was therefore entitled to summary judgment.

14

For the foregoing reasons, the judgment of the district court is

AFFIRMED.